AO 91 (Rev.5/85) Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

**FILED**
APR 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Venue: San Francisco |
| V. | **CRIMINAL COMPLAINT** |
| GILBERTO NARANJO AVILA<br>a/k/a GILBERTO NARANJO<br>a/k/a GILBERTO AVALOS | CASE NUMBER: 3  08  70231 |

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about  April 9, 2008  in   San Mateo County  , in the   Northern   District of   California   defendant did,

**OFFENSE:** GILBERTO NARANJO AVILA (a/k/a GILBERTO NARANJO and GILBERTO AVALOS), an alien, after having been removed, excluded, and deported from the United States, was thereafter found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, in violation of Title   8   United States Code, Section(s)       1326       .

I further state that I am a    Special Agent    and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT IN SUPPORT OF THIS COMPLAINT

**PENALTIES:** Imprisonment for not more than 20 years, a fine of not more than $250,000.00, a $100.00 dollar special assessment, and 3 years supervised release.

APPROVED AS TO FORM: _____
ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Warrant of Arrest Requested: ☐Yes ☒ No
Bail Amount: **NO BAIL**

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

4-16-08                      at   San Francisco, California
Date                                                                City and State

**Honorable James Larson**
**United States Magistrate Judge**                 _____
Name & Title of Judicial Officer                                   Signature of Judicial Officer

STATE AND NORTHERN DISTRICT OF CALIFORNIA    )
                                              ) ss, AFFIDAVIT
CITY AND COUNTY OF SAN FRANCISCO              )

    I, Tim Patterson, Special Agent, U.S. Immigration and Customs Enforcement (ICE), being duly sworn, depose and state:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1.    This affidavit is submitted in support of a criminal complaint against GILBERTO NARANJO AVILA, a/k/a GILBERTO NARANJO, a/k/a GILBERTO AVALOS, for violating 8 U.S.C. § 1326. The facts set forth in this Affidavit are based on my review of AVILA'S official Immigration Service file (No. A75 113 748), my personal observations, my training and experience, and where noted, information related to me by other law enforcement officials. However, the facts set forth in this Affidavit are not all facts related to AVILA that I know.

### II. AGENT'S BACKGROUND AND EXPERTISE

2.    I have been a Special Agent with the U. S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), formerly the United States Department of Justice (DOJ), Immigration and Naturalization Service (INS), for approximately 5 years. I am currently assigned to ICE's San Francisco, California office, and I am responsible for enforcing federal criminal statutes involving criminal aliens who reenter the United States illegally.

### III. APPLICABLE LAW

3.    Title 8 U.S.C. § 1326 provides criminal penalties for "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act . . . ."

### IV. FACTS ESTABLISHING PROBABLE CAUSE

4.    GILBERTO NARANJO AVILA, a/k/a GILBERTO NARANJO, a/k/a GILBERTO AVALOS is a 32 year-old male who is a native and citizen of Mexico. AVILA was deported from the United States to Mexico on August 10, 2000. AVILA illegally reentered the United States on November 1, 2002. AVILA had his prior order of deportation reinstated and was deported again on January 28, 2003. AVILA last entered the United States illegally on an unknown date in 2006 through the San Ysidro, Port of Entry in San Ysidro, CA. AVILA

knowingly remained in the United States without first having obtained the consent to reapply for admission from the Attorney General of the United States or the United States Secretary of Homeland Security.

5.   The official Immigration Service file for AVILA contains two executed Warrants of Removal. The Warrants of Removal are dated August 8, 2000, two days before AVILA was deported from the United States to Mexico for the first time, and January 28, 2003, the day AVILA was deported from the United States for the second time.

6.   On April 9, 2008, officers from the Half Moon Bay Police Department arrested AVILA on state charges. ICE agents learned that AVILA was in the custody of the Half Moon Bay Police Department and lodged an ICE detainer against him pending local charges.

7.   On April 9, 2008, I interviewed AVILA at the Half Moon Bay Police Department in Half Moon Bay, California. After AVILA was advised of his Miranda rights, he admitted that he was a citizen and national of Mexico. AVILA further stated he had been previously deported from the United States on two separate occasions. AVILA also admitted that he illegally reentered the United States on an unknown date in 2006 by crossing on foot through the San Ysidro Port of Entry, in San Ysidro, CA. AVILA stated he used a false identification to enter the United States. AVILA stated he knew he was supposed to receive permission from the United States to reenter the country but failed to do so.

8.   On April 10, 2008, the Federal Bureau of Investigation Special Processing Center compared fingerprints from AVILA'S August 8, 2000 and January 23, 2003 Warrants of Deportation with fingerprints taken incident to AVILA'S April 9, 2008 arrest, discussed in paragraph 7, above, which were provided by the Half Moon Bay Police department. The comparison showed that the fingerprints on the August 8, 2000 and January 23, 2003 Warrants of Deportation are identical to the fingerprints taken by the Half Moon Bay Police department incident to AVILA'S April 9, 2008 arrest.

9.   There is no indication in ICE's official files that AVILA has applied for or been granted the requisite permission to reenter the United States from either the Attorney General of the United States or the Secretary of Homeland Security.

10.   On April 15, 2008, AVILA was released from Half Moon Bay Police Department custody to ICE custody. AVILA was informed he would face federal charges and was advised of his right to speak with the consular or diplomatic officers of his country of citizenship.

## V. CONCLUSION

11. On the basis of the above information, I submit that probable cause exists to believe that GILBERTO NARANJO AVILA, a/k/a GILBERTO NARANJO, a/k/a GILBERTO AVALOS illegally reentered the United States following deportation, in violation of 8 U.S.C. § 1326.

Tim Paterson
Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
San Francisco, California

Subscribed and sworn to before me this _16th_ day of April, 2008.

The Honorable James Larson
United States Magistrate Judge
Northern District of California
San Francisco, California

-3-